# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LOREN MELBOSTAD, *et al.*,

        Plaintiffs,

vs.

CITY OF CASCADE, IDAHO, *et al.*,

        Defendants.

Case No. 2:14–cv–350–JAD–VCF

**ORDER**

This matter involves *pro se* Plaintiffs' civil action against the City of Cascade, Idaho, and seven of its councilmembers. Before the court is Defendants' unopposed motion to stay discovery pending resolution of Defendants' motion to dismiss. (#8[1]). For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

Plaintiffs reside in Boulder City, Nevada. In August of 2006, they found property that they wanted to buy, build on, and lease to residential tenants. (Compl. (#1) at ¶¶ 8–17). The property is located at 835 S. Main Street, Cascade, Idaho. (*Id*.) Before buying, Plaintiffs sought confirmation that the property was zoned for residential use. (*Id*.) Defendants—who are the City of Cascade, Idaho, and seven of its councilmembers—confirmed that the property was zoned for residential use. (*Id*.)

Relying on Defendants' confirmation, Plaintiffs bought the property, renovated the property, and leased the property to a residential tenant. (*Id*.) Years later, in April of 2013, Defendants appeared, apologized, and notified Plaintiffs that the property on Main Street was, in fact, zoned for commercial use only. (*Id*.) Plaintiffs were subsequently informed "that they were prohibited from renting" the

---

[1] Parenthetical citations refer to the court's docket.

property for residential use. (*Id.*) This lawsuit followed.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

2

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

**DISCUSSION**

Defendants' motion to stay is granted for two reasons. First, Plaintiff failed to file an opposition to Defendants' motion to stay. Local Rule 7-2(d) states, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." Here, Plaintiffs failed to file points and authorities in opposition to Defendants' motion. As a result, Defendants consented to the granting of the motion under Local Rule 7-2(d).

3

Second, Defendants' motion to stay is granted on the merits. In the pending motion to dismiss, Defendants argue that the court lacks personal jurisdiction over Defendants because Defendants—who work and reside in Idaho—do not have the required minimum contacts with the District of Nevada. (*See* Doc. #2). In response, Plaintiffs did not argue that the court may assert jurisdiction over Defendants. (*See* Doc. #6). Rather, Plaintiffs argue that the District of Nevada is not a forum non conveniens. (*Id.*) Additionally, Plaintiffs' complaint does not allege that Defendants have any contacts with the District of Nevada or that the underlying transaction or occurrence happened in the District of Nevada. Therefore, the court's "preliminary peek" demonstrates that a stay is warranted. *See TradeBay*, 278 F.R.D. at 600 (stating that a stay is appropriate where the dispositive motion raises issues of jurisdiction).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay (#8) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED for four months or until the District Court adjudicates Defendants' Motion to Dismiss, whichever occurs first.

IT IS FURTHER ORDERED that, in the event Defendants' Motion to Dismiss is denied, the parties MUST file a proposed Discovery Plan and Scheduling Order within twenty days of the court's decision.

IT IS SO ORDERED.

DATED this 23rd day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE